**SO ORDERED.**

**SIGNED this 27 day of May, 2011.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

**DEUCE INVESTMENTS, INC.,**                CHAPTER 11
                                            CASE NUMBER: 10-01083-8-RDD
    DEBTOR


**DONALD R. MASON,**

    Plaintiff                         ADVERSARY PROCEEDING
                                            NUMBER: 10-00155-8-RDD
    v.

**CRESCENT STATE BANK,
DEUCE INVESTMENTS, INC.,**

    Defendant(s)

### ORDER

Pending before the Court is the Motion for Summary Judgment and accompanying memorandum filed by Donald R. Mason ("Mason") on March 1, 2011 (referred to collectively herein as the "Motion")[1]; the Response to Motion for Summary Judgment filed by Deuce

---

[1] On April 13, 2011, Mason filed his Reply to Defendant Crescent State Bank's Memorandum of Law. Said memorandum is incorporated and referred to herein as part of the Motion.

Investments, Inc. (the "Debtor") on March 17, 2011 (the "Debtor's Response") and Defendant Crescent State Bank's Response to Plaintiff's Motion for Summary Judgment and accompanying memorandum filed by Crescent State Bank[2] ("Crescent") on March 25, 2011 (referred to collectively herein as the "Bank Response").[3]

The Court conducted a hearing on April 14, 2011 in Wilson, North Carolina to consider the Motion, the Debtor's Response, and the Bank Response. For the reasons set forth herein, summary judgment is granted for Crescent.

## UNDISPUTED FACTS

On June 2, 2006, a deed of trust in favor of Port City Capital Bank was signed by the Debtor (the "Deed of Trust"). Also on that day, the Debtor executed a promissory note in principal amount of $600,000.00 (the "Promissory Note").

Thereafter, on June 21, 2006, two different sellers executed two deeds transferring the real property to the Debtor. The deeds executed by the sellers related to two distinct, but contiguous, parcels of land, identified as Tract 1 and Tract 2, and a common easement included therein as Tract 3. The deeds transferring the property to the Debtor included a metes and bounds description for each tract. There is no dispute regarding the validity of the deeds transferring the property to the Debtor and that the Debtor became fee simple owner of the property on June 21, 2006. Furthermore, the parties do not dispute that the combined purchase price for the property was $750,000.00.

---

[2] Crescent is the successor, by merger, to Port City Capital Bank.

[3] In the Bank Response, Crescent requests that the Court grant summary judgment in its favor pursuant to Rule 56(f)(1) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7056.

There is no dispute that, as of June 2, 2006, the Debtor was not indebted on the Promissory Note to Port City Capital Bank or Crescent. Subsequent to June 2, 2006, Port City Capital Bank advanced $600,000.00 to the Debtor to fund the purchase price of the property.

The deeds were recorded on June 21, 2006 in Pender County, North Carolina. On the same date, the Deed of Trust was recorded. No metes and bounds description was attached to the Deed of Trust. The section where a description of property is normally typed or where a reference to an exhibit containing a description of the property is normally typed was blank.

Subsequent to the recordation of the Deed of Trust, Port City Capital Bank re-recorded the Deed of Trust on June 27, 2006 which was similar in form and substance to the original Deed of Trust. The re-recorded deed of trust added four additional pages to the back of the document (the "June 27, 2006 Deed of Trust"). These four pages contained an Explanation Statement to Correct Obvious Minor Error(s) Made in an Instrument as Originally Recorded and three pages that contain metes and bounds property descriptions. The Explanation Statement was signed by Maura Johnson, but does not indicate whether she was the attorney who drafted the original instrument.

In addition, on June 28, 2006, Port City Capital Bank again re-recorded the Deed of Trust. The re-recorded instrument included the additional four pages from the June 27, 2006 Deed of Trust plus two additional pages (the "June 28, 2006 Deed of Trust"). The two new pages include an Explanation Statement to Correct Obvious Minor Error(s) Made in an Instrument as Originally Recorded and a copy of a notary page whereby the date had been modified. The Explanation Statement was signed by Maura Johnson and states that the signatory is the attorney who drafted the original document filed in Pender County.

On September 14, 2009, Mason obtained a money judgment against the Debtor in excess of $800,000.00 in the Superior Court of Durham County, North Carolina. The judgment was transcribed to Pender County and attached to the property on September 23, 2009 when the judgment was docketed in the Office of the Clerk of Superior Court of Pender County.

## STANDARD FOR SUMMARY JUDGMENT

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the non-moving part. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). If there is no genuine issue of material fact, and the issue to be decided is a matter of law, a ruling on a motion for summary judgment is appropriate.

## SUMMARY OF PLEADINGS

Pursuant to the Motion for Summary Judgment, Mason contends that the omission of a description of the real property in the Deed of Trust renders the Deed of Trust and any subsequent recordings thereof, regardless of the amendments made, void and unenforceable. Crescent disputes that the Deed of Trust fails to sufficiently describe the property at issue.

In addition, Mason argues that the Deed of Trust, and the subsequent recordings thereof, are void based on their failure to properly identify the debt which the Deed of Trust purportedly secures. In opposition, Crescent contends that the Promissory Note securing the Deed of Trust is properly identified in the recorded documents.

4

The Debtor in its response to the Motion states that it does not dispute the allegations in the Complaint filed by Mason. In fact, the Debtor supports avoidance of the Deed of Trust and any subsequent amendments thereto. However, the Debtor contends that if the Deed of Trust is avoided, the position of the first lien should be preserved for the benefit of the Debtor's estate. The Debtor argues that voiding the Deed of Trust does not permit Mason to automatically move into the first lien position. Instead, the Debtor argues that Section 551 of the Bankruptcy Code would permit it to step into the shoes of the first lienholder if the Deed of Trust is avoided. As such, the Debtor's Response seeks to preserve its right to seek enforcement of Section 551 of the Bankruptcy Code should Mason prevail on his Motion.

## DISCUSSION

**I.    Does the Deed of Trust fail to provide a sufficient description of the real property such that the Deed of Trust should be void and unenforceable?**

When executing a deed of trust, the borrower conveys land to a third party to hold for the lender, subject to the condition that if the underlying debt is paid, the conveyance to the third party is void. James A. Webster, Patrick K. Hetrick, & James B. McLaughlin, Jr., *Webster's Real Estate Law in North Carolina* § 13-3 (5th ed. 1999). Since a deed of trust is a conveyance of land, the document must meet all the requirements for transferring land. *Id.* More specifically, the document must be in writing to satisfy the Statute of Frauds and name a grantor and grantee. *Id.* The deed of trust should also state the amount of the indebtedness, if possible; however, if the deed of trust is based on an underlying obligation allowing for future advances, such amounts may not be known at the time of execution. *Id.* Furthermore, the deed of trust must also contain a granting clause to convey title from the borrower to the third party trustee. *Id.*

As to the description of property to be conveyed:

> [t]he same rules applicable to the descriptions in deeds are equally applicable to mortgages and deeds of trust. In each, the instrument must describe the property conveyed with sufficient certainty to identify it or to furnish the means by which it can be identified.

*Id.*[4] Lastly, a deed of trust must be signed and sealed by the borrower and, similar to deeds, delivery and acceptance is required. *Id.*

With respect to the description of the property requirement, the deed of trust must describe the property in such a way that "it identifies the particular real property involved or furnishes the means for identifying it." Webster, Hetrick, & McLaughlin, *supra,* § 10-34 (citing *Overton v. Boyce*, 289 N.C. 291, 221 S.E.2d 347 (1976); *State v. Brooks*, 279 N.C. 45, 181 S.E.2d 533 (1971); *Carrow v. Davis*, 248 N.C. 740, 105 S.E.2d 60 (1958); *Cathey v. Buchanan Lumber Co.*, 151 N.C. 592, 66 S.E. 580 (1909); *Edmundson v. Hooks*, 33 N.C. 373 (1850)).

> The function of the description of land in conveyances and contracts is to describe the locus and boundaries of the real property to which the instrument relates in order that it can be located on the ground by a competent surveyor, with or without the introduction of competent extrinsic evidence.

Webster, Hetrick, & McLaughlin, *supra,* § 10-34.

The description in the deed of trust must "either be certain in itself or capable of being reduced to the certainty by reference to something extrinsic to which the contract refers. If the description is sufficiently definite for the court, with the aid of extrinsic evidence, to apply the description to the exact property to be sold, it is enough." *Brooks v. Hackney*, 326 N.C. 166, 171, 404 S.E.2d 854, 857-58 (1991) (citing *Lane v. Coe*, 262 N.C. 8, 12-13, 136 S.E.2d 269, 272-73

---

[4] *Webster's Real Estate Law in North Carolina* notes that "[i]t must be observed, however, that the cases in North Carolina relating to adequacy of descriptions, of which there are many, are not entirely consistent." Webster, Hetrick, & McLaughlin, *supra,* § 9-9.

(1964) (citations omitted)).  If a deed fails to provide information sufficient to satisfy this standard, it is void. *Overton*, 289 N.C. at 293, 221 S.E.2d at 349.

If the language in the deed, including any references made to extrinsic information, describes the property to be conveyed with a level of certainty, parol evidence would be admissible to reconcile the description in the deed to the property at issue.  *Id.*  However, if the description in the deed is "uncertain in itself to locate the property," and fails to make reference to any extrinsic information by which the uncertainty could be resolved, the ambiguous description is "patently ambiguous." *Brooks v. Hackney*, 326 N.C. at 171, 404 S.E.2d at 857-58.

A patent ambiguity is one where there is such uncertainty on the face of the document that a court by "reading the language in the light of all the facts and circumstances *referred in the instrument*, is unable to derive *therefrom* the intention of the parties as to what land was to be conveyed." *Brooks v. Hackey*, 326 N.C. at 171, 404 S.E.2d at 857-58 (citations omitted) (emphasis in original). A patent ambiguity has also been described as one which the land at issue is left "in a state of absolute uncertainty, and refers to nothing extrinsic by which the land might be identified with certainty."  Webster, Hetrick, & McLaughlin, *supra,* § 9-9.

A deed or instrument conveying land that contains a patently ambiguous description can not be explained by parole evidence. *Brooks v. Hackney*, 326 N.C. at 171, 404 S.E.2d at 857-58. Considering such evidence when there is a patent ambiguity would not be to "fit the description to the land" but instead would be to "create a description by adding to the words of the instrument." *Overton*, 289 N.C. at 293, 221 S.E.2d at 349 (citations omitted).  Furthermore, "[a] patent ambiguity raises a question of construction; a latent ambiguity raises a question of identity." *Lane*, 262 N.C. at 13, 136 S.E.2d at 273; <u>see also</u> *Electronic World, Inc. v. Barefoot*, 153 N.C. App. 387, 570 S.E.2d

7

225 (2002). Therefore, if a description is patently ambiguous, the deed or deed of trust is void since the document would fail to satisfy the basic deed construction requirements.

However, when a latent ambiguity exists, consideration of evidence outside of the contract is "both competent and necessary" to determine the validity of the deed. *Lane*, 262 N.C. at 13, 136 S.E.2d at 273.

> A description is said to be latently ambiguous if it is insufficient in itself to identify the property but refers to something extrinsic by which identification might possibly be made. [One party] may offer evidence, parol or other, with reference to such extrinsic matter tending to identify the property, and [the opposing party] may offer such evidence with reference thereto tending to show impossibility of identification, i.e. ambiguity.

*Id.* "In almost every case, extraneous proof is requisite and admissible to apply the description to the land meant to be conveyed." *Thornburg v. Masten,* 88 N.C. 293(1883) (citing *Smith v. Low*, 24 N.C. 457 (1842)).

The burden to identify the property referred to in the deed is on the party seeking to enforce the deed or contract. *Lane*, 262 N.C. at 14, 136 S.E.2d at 274. The description, when considered in light of the evidence presented must be "fitted to the land and the land fully identified by competent evidence." *Id.*

This question of whether a description creates a patent or latent ambiguity is a question of law for the court to decide. *Brooks v. Hackney*, 326 N.C. at 171, 404 S.E.2d at 857-58(citing *Kidd v. Early*, 289 N.C. 343, 222 S.E.2d 392(1976)). Generally, a court will try to uphold the validity of a deed, if possible. *Self Help Corp. v. Brinkley,* 215 N.C. 615, 2 S.E.2d 889 (1939). North Carolina courts attempt to sustain a deed because by doing so, they are, in fact, affirming the intent of the parties to convey land, as without such transaction to convey real property, the parties would have been involved with each other to begin with. Webster, Hetrick, & McLaughlin, *supra,* § 10-37.

One method of describing property in North Carolina that could afford "safe, accurate and permanent identification of real property in conveyances [is]...descriptions by reference to quantity of land or number of acres conveyed." Webster, Hetrick, & McLaughlin, *supra,* § 10-34. The Deed of Trust at issue in this case provides such a reference.

On page 1, the Deed of Trust provides:

> **2. CONVEYANCE.** For good and valuable consideration, the receipt and sufficiency or which is acknowledged, and to secure the Secured Debt (hereinafter defined), Grantor irrevocably grants, conveys and sells to Trustee, in trust for the benefit of the Lender, with power of sale, the following described property:

At the very bottom of the page, in smaller font, is language noting that this document is a North Carolina - Agricultural/Commercial Real Estate Security Instrument and providing additional information regarding the form and identification of it. In addition, there are also four lines with initials written in blue ink on the bottom right side of page 1.

At the top of page 2, is the following language:

> The property is located in Pender [County] at 49 +/- acres McClammy Rd. [Address], Hampstead [City], North Carolina 28443-000 [Zip Code].
>
> Together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, crops, timber, all diversion payments or third party payments made to crop producers, and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described above (all referred to as the "Property"). The term Property also includes, but is not limited to, any and all water wells, water, ditches, reservoirs, reservoir sites and dams located on the real estate and all riparian and water rights associated with the Property, however established.

The next line in the Deed of Trust on page 2 is enumerated as paragraph 3 and addresses the maximum obligation amounts secured by the Deed of Trust. Therefore, it is clear to the Court that although the parties failed to add any information in the small blank section of the Deed of Trust after the colon on the bottom of page 1, the information related to the property provided at the top of page 2 should also be considered as part of the conveyance paragraph, denoted as paragraph 2, since the information at the top of page 2 is not set forth in a separate numerical paragraph. Considering these provisions as a whole, paragraph 2 reads in its entirety:

> **2. CONVEYANCE.** For good and valuable consideration, the receipt and sufficiency or which is acknowledged, and to secure the Secured Debt (hereinafter defined), Grantor irrevocably grants, conveys and sells to Trustee, in trust for the benefit of the Lender, with power of sale, the following described property:
>
> *The property is located in Pender [County] at 49 +/- acres McClammy Rd. [Address], Hampstead [City], North Carolina 28443-000 [Zip Code].*
>
> Together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, crops, timber, all diversion payments or third party payments made to crop producers, and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described above (all referred to as the "Property"). The term Property also includes, but is not limited to, any and all water wells, water, ditches, reservoirs, reservoir sites and dams located on the real estate and all riparian and water rights associated with the Property, however established.

emphasis added.

It is this language which the Court must consider in order to determine whether the Deed of Trust should be void and unenforceable. Mason contends that the language as to the location of the property was provided for the convenience of the taxing and other governmental authorities. Mason

fails to offer any supporting evidence or case law supporting this assertion and the court is not persuaded by this argument.

The parties agree that at the time the Deed of Trust was recorded, the property was located in Surf City, North Carolina; not Hampstead, North Carolina. The zip code shown on the Deed of Trust is 28443-0000. This zip code was accurate at the time of recordation of the Deed of Trust and, even though the property has been annexed by Surf City, the zip code remains the same today.

Although there were no attachments to the Deed of Trust at issue, the parties stipulated that the deeds whereby the property was transferred to the Debtor were recorded in the Register of Deeds of Pender County, North Carolina just prior to the recordation of the Deed of Trust. These deeds contained specific metes and bounds descriptions that would allow for the specific identification of the property.

The North Carolina Court of Appeals considered the validity of a description in a contract of sale that provided both acreage and county information but failed to physically attach the referenced documents. *Mezzanotte v. Freeland*, 20 N.C. App. 11, 200 S.E.2d 410 (1973). In that case, the contract of sale included a property description stating "a certain tract or parcel of land of approximately 85 acres situate in the County of Orange...said parcel of real estate being more particularly described in Attachment hereof." *Id.* The court found that the description was not patently ambiguous even though the photocopies of the five deeds that were to be attached were not physically attached to the contract of sale but were only delivered with the executed contract.

Just as the *Mezzanotte* case provides a vague description that was able to be identified by additional documentation, the Deed of Trust at issue in this case references a specific number of

acres on McClammy Road in Pender County. There is but one McClammy Road in Pender County and the Debtor only owns the approximate number of acres on such road as was to be transferred.

Other courts have held that the inclusion of only a minimal description of acreage is, in fact, a latent ambiguity which did not invalidate the conveyance documents. In those cases, the courts allowed extrinsic evidence to identify the real property at issue. Those cases include descriptions such as "[t]hree tracts of land, the House place, the Lynn place, and the Leonard place, containing 400 acres, more or less...[l]evied on land, supposed to be upwards of 100 acres, where Richard Heath lives...[m]y house and lot in the town of Jefferson, in Ashe County, North Carolina [where the grantor only had one parcel of land]." *Farmer v. Batts*, 83 N.C. 387 (1880) (internal citations omitted) (finding "...one tract of land containing 193 acres, more or less, it being the interest of two shares, adjoining the lands of James Barnes, Eli Robbins, and others" to be a sufficient description of the real property.)[5]

The description in the Deed of Trust before the Court provides sufficient information such that it can be fitted to the land. *Lane*, 262 N.C. at 14, 136 S.E.2d at 274 (citing *Bateman v. Hopkins*, 157 N.C. 470, 73 S.E. 133 (1911). The Court finds that the description of the property shown in the Deed of Trust is latently ambiguous. The description, shown as the property located in Pender County at 49 +/- acres McClammy Road, Hampstead, North Carolina 28443-000, is not so deficient

---

[5] North Carolina courts have held the following descriptions insufficient and too indefinite to allow parole evidence. *Capps v. Holt*, 58 N.C. 153 (1859)(invalidating a deed that provides "[a] tract of land lying on the north side of Watery Branch, in the county of Johnston and State of North Carolina, containing 150 acres"); *Grier v. Rhyne*, 69 N.C. 346 (1873) (providing that description was too vague when shown as "[a] certain piece of land in the county and State aforesaid, adjoining the lands of S. J. Suggs and M. H. Rhyne and others, supposed to contain thirty or thirty-five acres"); *Robeson v. Lewis*, 64 N.C. 734 (1870) (invalidating a deed describing property as "[a]lso 752 acres of land, including the land I now live on and adjoining the same.").

that it would be "...[im]possible to identify with certainty the land meant." *Brown v. Coble*, 76 N.C. 391, 394 (1877). By identifying the road, county, zip code and the acreage information, the Deed of Trust provides enough information for the court to determine if it can, in fact, locate the property. Therefore, the ambiguity is latent.

One question that arises in a number of cases is whether the transferor owns more property in the county than that which he purports to transfer. The North Carolina Supreme Court determined that "[m]y house and lot in the town of Jefferson, in Ashe County, North Carolina" was a latent ambiguity where the grantor only had one parcel of land. *Carson v. Ray*, 52 N.C. 609 (1860); see also *Barringer v. Weathington*, 11 N.C. App. 618, 182 S.E.2d 239 (1971) (determining that a description of "containing 40 acres entered by Hugh Simpson" was patently ambiguous as Hugh Simpson owned a number of parcels of land which prevented identification of the particular parcel at issue)[6]. Unlike the facts of *Barringer*, the only property owned by the Debtor in Pender County on McClammy Road is the property at issue in this adversary proceeding. Therefore, with only one parcel being owned by the Debtor, the description in this case is more like that of the description and holding in *Carson* where the court found a latent ambiguity, as opposed to *Barringer* where a patent ambiguity existed.

---

[6] The Court recognizes that when the description is so general that it could apply to more than one tract or the land that is part of a larger tract owned by the same grantor, such a description is likely void and can not be aided by parole evidence. Webster, Hetrick, & McLaughlin, *supra,* § 10-44 (citing *Peel v. Calais*, 224 N.C. 421, 31 S.E.2d 440 (1944)). However, the holdings of this Debtor in Pender County are limited to those described in the Deed of Trust.

13

Based on the finding that the description in the Deed of Trust is a latent description, the Court shall consider the parol evidence presented by Crescent to determine if it identifies the property.[7]

Crescent submitted the Affidavit of James K. Pendergrass, Jr., dated March 24, 2011, (the "Affidavit") with a number of documents attached thereto. A copy of the Affidavit and accompanying exhibits were presented to the court at the hearing on April 14, 2011. Mr. Pendergrass states in the Affidavit that in the Register of Deeds of Pender County, the two deeds, containing metes and bounds descriptions and transferring the property to the Debtor are recorded just prior to the Deed of Trust. See *Affidavit,* ¶ 10. In addition, he states that the Deed of Trust was re-recorded with copies of the metes and bounds descriptions attached thereto.[8] See *Affidavit,* ¶ 13. At the time the Deed of Trust was recorded, the Debtor was record owner of the land at issue in this case. See *Affidavit,* ¶ 16(a). Mr. Pendergrass also avers that the "real property description on page 2 of the Deed of Trust is, in all material respects, a correct and unambiguous description of the [p]roperty" that is legally sufficient. See *Affidavit,* ¶ 16(c) and ¶ 16(d). The Court disagrees that the language of the description is unambiguous but because the ambiguity is latent, the evidence set forth in the affidavit can be considered to properly identify the property.

---

[7] The Court notes that Mason did not present any evidence to rebut the affidavits submitted to the Court by Crescent. Had Mason elected to do so, he could have offered evidence "tending to show the impossibility of identification, i.e. ambiguity." *Lane*, 262 N.C. at 13, 136 S.E.2d at 274.

[8] Mason does not dispute that the metes and bounds descriptions properly identify the property at issue. Instead, he contends that the description was patently ambiguous, thereby restricting the Court's ability to consider extrinsic evidence to identify the property.

As such, the court finds that although the Deed of Trust contains a latent ambiguity regarding the description of the property, such ambiguity does not void the Deed of Trust. Instead, relying upon the Affidavit of Mr. Pendergrass, the subsequent recordation of a deed of trust with the metes and bounds description, the Deed of Trust, the June 27, 2006 Deed of Trust, and the June 28, 2006 Deed of Trust, the Court finds that the property is properly identified and that the Deed of Trust is valid.

**II.     Does refiling of the Deed of Trust with additional pages that include the metes and bounds descriptions of the real property considered a typographical or other minor error as set forth in to North Carolina General Statutes § 47-36.1?**

Based on the finding by this Court that the Deed of Trust was valid, the Court need not consider whether the refiling of the Deed of Trust with the metes and bounds descriptions is within the purview of N.C.G.S. § 47-36.1. As addressed above, the Deed of Trust contains a property description with a latent ambiguity. After consideration of the extrinsic evidence, the Court was able to identify the property. Therefore, the property description in the Deed of Trust is sufficient as a matter of law. By satisfying all of the requirements of a conveyance, the Deed of Trust is valid as originally filed.

**III.    Does the Deed of Trust properly identify the underlying obligation?**

Mason contends that the Deed of Trust fails to properly identify the underlying debt secured by the Deed of Trust. Relying on *In re Head Grading, Inc.*, 353 B.R. 122 (Bankr. E.D.N.C 2006), a case decided by this Court that invalidated a deed of trust based on its failure to properly reference the date and specifically identified the underlying obligation, Mason argues that this deed of trust fails to properly identify the Promissory Note executed by the Debtor. The Promissory Note at issue was executed on June 2, 2006. However, funds were not advanced until June 16, 2006. The

Promissory Note provides that a single advance will be made to the Debtor on June 16, 2006. This date originally appears to have been shown as June 2, 2006, the date of the Promissory Note, but is struck through. June 16, 2006 has been handwritten into the blank and is acknowledged by the signer of the Promissory Note.

The Deed of Trust provides in the section entitled "Secured Debt Defined" on page 2, paragraph 4(A):

> The promissory note(s), contract(s), guaranty(ies) or other evidence of debt described below and all extensions, renewals, modifications or substitutions (Evidence of Debt) (*e.g., borrower's name, note amount, note date, interest rate, maturity date*)**:** Present amount advanced of the secured obligation is $600,000.00 promissory note dated 06/02/2006 in the amount of $600,000.00 at an interest rate of Wall Street Journal Prime Rate plus 0.5000% with an original maturity date of 06/02/2007[.]

emphasis in original.

North Carolina General Statute 45-68 provides "[a] security interest, otherwise valid, shall secure...[e]xisting obligations identified in the security instrument and all advances made at the time or prior to the registration of the instrument." The Deed of Trust at issue was recorded on June 21, 2006 in Pender County. Port City advanced the funds to the Debtor under the Promissory Note on June 16, 2006. Since that amount was due to Port City at the time the Deed of Trust was recorded, the Deed of Trust properly acknowledges the $600,000.00 is due and was advanced prior to its recordation. Therefore, the underlying obligation, the Promissory Note, is properly identified in the Deed of Trust.

## **CONCLUSION**

As a matter of law, the Deed of Trust sufficiently describes the real property to be conveyed and properly identifies the underlying obligation. The Motion for Summary Judgment filed by Donald R. Mason is hereby **DENIED**.

Given that there are no genuine issues of material fact and this Court's determination that the Deed of Trust is valid, as a matter of law, summary judgment is hereby **GRANTED** in favor of Crescent.[9] The Clerk of Court is hereby directed to enter a judgment in favor of Crescent.

**SO ORDERED.**

**END OF DOCUMENT**

---

[9] Even though summary judgment is granted in favor of Crescent, it is clear to this Court that the sloppy manner of drafting, recording, and re-recording of the Deed of Trust and the other associated documents does not represent the best professional standards of practice and care where perfection of a deed of trust to secure a $600,000.00 debt is concerned.